ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Great Southern Life Insurance Company,

Plaintiff,

v.

Agricultural Building Company d/b/a ABC Industries f/k/a Agricultural Building Holdings, Inc., an Illinois Corporation, and Elinor Lucas,

Defendants

v.

AMCORE Bank, N.A.,

Intervening Defendant and Cross-claimant

Civil File No. 01-1112 (JMR/FLN)

**STIPULATION AND ORDER FOR DISCHARGE OF PLAINTIFF AND FOR DISBURSEMENT OF PLAINTIFF'S ATTORNEYS' FEES AND COSTS FROM PROCEEDS PAID INTO COURT**

## STIPULATION

The undersigned attorneys, representing all parties to this action, jointly seek from this Court an order discharging Plaintiff Great Southern Life Insurance Company ("Great Southern Life"), and also seek an award and disbursement of Great Southern Life's attorneys' fees and costs related to this matter from the life insurance proceeds which are currently on deposit with the Clerk of Court. The parties stipulate as follows:

1. Great Southern Life filed this interpleader action to determine the true beneficiary of a life insurance policy issued on the life of Robert W. Lucas ("the Policy").

FILED
RICHARD D. SLETTEN, CLERK
JAN 15 2002
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

(Compl. ¶ 8.) Prior to his death, Robert Lucas was a part owner and officer of Agricultural Building Company ("ABCI"), the co-defendant. (Compl. ¶ 8.) ABCI was originally designated the primary beneficiary of the Policy. (Compl. ¶ 8.) However, on April 1, 2000, Robert Lucas changed the primary beneficiary of the Policy from ABCI to his wife, Elinor Lucas, the other co-defendant. (Compl. ¶¶ 11-12.) Robert Lucas died on April 6, 2000. (Compl. ¶ 13.) Great Southern Life subsequently received notices of claim from both ABCI and Elinor Lucas requesting immediate payment of all proceeds of the Policy to ABCI and Elinor Lucas, respectively. (Compl. ¶¶ 14-15.)

2. In July 2000, Great Southern began preparing to file an interpleader action because ABCI disputed the validity of the change of beneficiary from ABCI to Elinor Lucas. (Compl. ¶¶ 16-17.) Great Southern Life lacked, and continues to lack, sufficient knowledge to determine the merits of the adverse claims of ABCI and Elinor Lucas regarding which party is the properly-named beneficiary under the Policy. (Compl. ¶ 27.) On July 27, 2000, counsel for ABCI informed counsel for Great Southern Life that the claimants had reached an agreement whereby they would (1) release all claims against Great Southern Life, (2) jointly pay Great Southern Life's attorneys' fees and costs, (3) designate an escrow account into which the proceeds of the Policy would be deposited, and (4) resolve their continuing dispute regarding the proceeds through alternative dispute resolution. (Compl. ¶¶ 18.) Great Southern Life agreed to the terms and its counsel sent releases for execution by the claimants. (Compl. ¶ 19.)

3. Although the claimants paid a total of $1,700 towards Great Southern Life's attorneys' fees and costs, neither counsel for Elinor Lucas nor counsel for ABCI promptly provided an executed release or escrow account information. (Compl. ¶¶ 20-

21.) Counsel for Great Southern Life was therefore forced to spend additional time and incur additional costs seeking the executed releases and the escrow account information. (Compl. ¶¶ 21-22.) Neither counsel for Elinor Lucas nor counsel for ABCI ever provided the escrow account information. (Compl. ¶¶ 23-25.) Elinor Lucas eventually provided an executed release. (Compl. ¶ 22.)

4. Great Southern subsequently filed this interpleader action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1335. (Compl. ¶¶ 4, 5, 29).

5. Great Southern Life has admitted liability under the Policy for payment of a single $500,000 death benefit less any amounts borrowed under the Policy, plus interest as specified in the Policy, and less Great Southern Life's attorneys' fees, costs and expenses related to this matter and this Interpleader action as reduced by the $1,700 previously paid by claimants. (Compl. ¶ 26). In conjunction with this lawsuit, Great Southern Life deposited $533,000 with the Clerk of Court. (Compl. ¶ 29). The $533,000 represents the proceeds of the Policy plus simple interest accruing from the date of the death of Robert Lucas pursuant to the Policy. (Compl. ¶ 29).

6. Proof of service of the Summons and Complaint in this action on the defendants has been filed with the Clerk of Court. Elinor Lucas and ABCI have each filed and served an Answer to the Complaint.

7. On October 29, 2001, the Court granted the motion of AMCORE Bank, N.A. ("AMCORE") to intervene in this action as a defendant and cross-claimant. AMCORE Bank has filed and served an Answer and Cross-Claim. Elinor Lucas has filed and served an Answer to AMCORE's Cross-Claim.

8. The parties agree that this Court has subject matter jurisdiction over this

matter and personal jurisdiction over each of the defendants as set forth in the Complaint and as admitted in each defendant's respective Answer.

9. Great Southern Life has produced its file related to the Policy and has produced documents reflecting the history of payment of the premiums on the Policy to the defendants. Great Southern Life has also agreed to produce certain documents related to policies on the lives of other officers of ABCI. The parties agree that pursuant to this production of documents, Great Southern Life has satisfied any duty to provide discovery related to this matter. In the event any party to this lawsuit seeks additional discovery from Great Southern Life, that party agrees to pay Great Southern Life's reasonable attorneys' fees and all costs and expenses related to responding to such discovery, including reasonable compensation for the time and expenses of any Great Southern Life employees or representatives required to give testimony or to produce documents. Great Southern Life reserves its rights to object to any additional discovery consistent with the Federal Rules of Civil Procedure and applicable case law.

10. The parties agree that Great Southern Life has satisfied the conditions for an Order of Interpleader discharging it from further participation in and responsibility related to this matter.

11. The parties further agree that Great Southern Life is entitled to the payment of a total of $18,756.06 in attorneys' fees and costs from the $533,000 in Policy proceeds on deposit with the Clerk of Court. The method of calculation of the attorneys' fees and costs and documentation supporting the fees and costs is set forth in the Affidavit of Kristin S. Westgard, Esq., which is provided as Appendix A to this Stipulation and Motion. The parties agree that the method of calculation of fees and costs is accurate and

appropriate and that the $18,756.06 in attorneys' fees and costs incurred by Great Southern Life to be paid from the proceeds on deposit with the Clerk of Court were related directly to the claimants' dispute over the proceeds, attempts to resolve that dispute and the commencement and litigation of this interpleader action. The parties further agree that the $18,756.06 in attorneys' fees and costs incurred by Great Southern Life (in addition to the $1,700 already paid) is reasonable under the circumstances of the case.

12. A disinterested stakeholder who brings an interpleader action to determine which of multiple claimants is entitled to a fund which it holds but does not claim is generally entitled to have its attorneys' fees incurred related to bringing the action paid out of the fund. *See Equitable Life Assurance Soc'y of U.S. v. Miller*, 229 F. Supp. 1018, 1020-21 (D.Minn. 1964) (awarding stakeholder its fees and costs); *New York Life Ins. Co. v. Miller*, 139 F.2d 657, 658 (8th Cir. 1944) (reversing denial of attorneys' fees to insurance company-stakeholder and remanding for award of its attorneys' fees from proceeds deposited with court); *Hunter v. Fed. Life. Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) (affirming award of reasonable attorneys' fees to stakeholder); *Millers Mut. Ins. Ass'n v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984) ("Under the common law, courts have long awarded attorneys fees and costs to a disinterested stakeholder out of an interpleaded fund."); *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999), *cert. denied* 531 U.S. 924 (2000) (awarding stakeholder's fees and costs of $23,955.21 from total stake of $77,064); *see generally* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1719 (3d ed. 2001) (discussing the long-standing majority tradition of allowing fees for disinterested stakeholders in an

interpleader action).

13. ABCI, AMCORE and Elinor Lucas, agree to release any and all claims against Great Southern Life related in any way to or arising from Policy No. 35-09410120 (insured Robert Lucas). ABCI, AMCORE and Elinor Lucas shall be permanently enjoined from asserting any and all claims relating to Policy No. 35-09410120 (insured Robert Lucas) against Great Southern Life, its successors, assigns, employees, agents and attorneys.

For all these reasons, all parties jointly request this Court to enter an Order (1) discharging Great Southern Life from this action, (2) permanently enjoining ABCI, AMCORE and Elinor Lucas from asserting any and all claims relating to Policy No. 35-09410120 (insured Robert Lucas) against Great Southern Life, and (3) authorizing the disbursement of a total of $18,756.06 from the Policy proceeds on the deposit with the Clerk of Court to Great Southern Life and its attorneys, Dorsey & Whitney LLP, to compensate Great Southern Life for its reasonable attorneys' fees and costs related to this matter.

Dated: December 21, 2001

DORSEY & WHITNEY LLP

By Kristin A. Westgard

Kristin Westgard (#271354)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Attorneys for Plaintiff Great Southern Life Insurance Company

Dated: December 31, 2001

CHRISTOFFEL & ELLIOTT P.A.

By ______________________
Charles E. Keenan (#27737X)
1111 U.S. Bancorp Piper Jaffrey Plaza
444 Cedar Street
St. Paul, MN 55101
Telephone: (651) 224-0244
Attorneys for Defendant Agricultural Building Company Industries f/k/a Agricultural Building Company

Dated: December 27, 2001

BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.

By ______________________
Lewis A. Remele, Jr. (#90724)
Dale M. Wagner (#113554)
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 333-3000
Attorneys for Defendant Elinor Lucas

Dated: December 21, 2001

WINTHROP & WEINSTINE, P.A.

By ______________________
Daniel C. Beck (#192053)
Daniel W. Godfrey (#0294299)
3200 Minnesota World Trade Center
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 290-8400
Attorneys for Defendant and Cross-Claimant AMCORE Bank, N.A.

**ORDER**

Based upon the parties' Stipulation, the Affidavit of Kristin S. Westgard with Exhibits and all of the pleadings, filings and proceedings in this matter, it is hereby ordered that:

1. Plaintiff Great Southern Life Insurance Company is hereby discharged from this action;

2. ABCI, AMCORE and Elinor Lucas are permanently enjoined from asserting any and all claims relating to Policy No. 35-09410120 (insured Robert Lucas) against Great Southern Life;

3. Plaintiff Great Southern Life Insurance Company is entitled to payment of a total of $18,756.06 in attorneys' fees and costs from the proceeds of the Policy which have been deposited with the Clerk of Court; and

4. The Court Administrator shall immediately draw a check for $18,756.06 made out to Great Southern Life Insurance Company and Dorsey & Whitney LLP jointly from the proceeds deposited with the Clerk of Court in the above-entitled matter. The check shall be sent to Kristin S. Westgard, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Dated: January 11, 2002

The Honorable James M. Rosenbaum
United States District Judge